[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12337
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20613-KMM-6


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                    versus

ALFREDO BARRETO,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 12, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Alfredo Barreto appeals his convictions and total sentence for conspiring to possess with intent to distribute a controlled substance involving five or more kilograms of cocaine and one or more kilograms of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i)-(ii), and possessing with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(ii). Barreto first appeals the district court denial of his motion for mistrial because the prosecutor improperly commented on his right to remain silent. Barreto also appeals his sentence as substantively unreasonable. After reviewing the parties' briefs and the records, we affirm.

I.

Barreto's motion for a mistrial was based on his assertion that the prosecutor violated his Fifth Amendment rights during closing arguments. The prosecutor, in reference to Barreto, stated: "Why did he do it? Truly only he can tell you. But you do know he has a gambling problem." Barreto claims that the statement made a direct reference to his failure to testify and it is error to comment on the failure of the defendant to counter or explain evidence. Alternatively, a jury would naturally and necessarily have understood the statement to be such a comment. Further, Barrato alleges that the evidence against him was scant; therefore, it is fair to presume that the prosecutor's comment had an effect on the

2

outcome of the trial.

We review a district court's denial of a motion for mistrial under the abuse-of-discretion standard. *United States v. Knowles*, 66 F.3d 1146, 1162 (11th Cir. 1995). "The Fifth Amendment prohibits a prosecutor from commenting directly or indirectly on a defendant's failure to testify." *Id.* A defendant's right to remain silent is violated by a prosecutor's comment when either "(1) the statement was *manifestly intended* to be a comment on the defendant's failure to testify; or (2) the statement was of such a character that a jury would naturally and necessarily take it to be a comment on failure of the accused to testify." *Id.* at 1162–63 (internal quotation marks omitted). The defendant must prove that one of the criteria exists. *Id.* at 1163. Furthermore, in determining the prosecutor's motive and the impact of the statement, we examine the prosecutor's statement in context. *Id.*

We reverse a defendant's conviction because of prosecutorial misconduct "only if, in the context of the entire trial and in light of any curative instruction, the misconduct may have prejudiced the substantial rights of the accused." *United States v. Cordoba-Mosquera*, 212 F.3d 1194, 1198 (11th Cir. 2000) (per curiam). However, an error is harmless if the "record contains sufficient independent evidence of guilt." *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). We give "considerable weight to the district court's assessment of the prejudicial

3

effect of the prosecutor's remarks and conduct." *Cordoba-Mosquera*, 212 F.3d at 1198.

Here, there is no evidence that the prosecutor "manifestly intended" to comment on the defendant's failure to testify. However, considering the context of the entire trial, and the fact that the comment occurred during closing argument, there is a significant risk that the comment was "of such a character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Knowles*, 66 F.3d at 1162-63. The comment occured at the conclusion of the trial, during the prosecutor's closing argument. At that critical stage in the proceedings, the jury was in the process of evaluating the evidence against the defendant, and such a comment clearly highlights the fact that the defendant has not taken the stand. Any lingering doubt about the defendant's guilt at this stage is highly susceptible to influence by a prosecutor's closing statements.

Even if the comment violated Barreto's constitutional rights, however, such violations are analyzed in terms of whether "on the whole record before us, the error. . . was harmless beyond a reasonable doubt." *United States v. Hasting*, 461 U.S. 499, 510 (1983). Here, the jury was presented with testimony of <u>four</u> co-conspirators, all of whom testified that at least one shipment of drugs was taken to Barreto's house and several who indicated that Barreto was a heroin dealer.

4

Finally, a prejudicial remark may also be rendered harmless by curative instructions to the jury. *United States v. Smith*, 918 F.2d 1551, 1562 (11th Cir. 1990) (stating "[b]ecause statements and arguments of counsel are not evidence, improper statements can be rectified by the district court's instruction to the jury that only evidence in the case be considered"). The district court gave a proper curative instruction to the jury by stating that the comments of attorneys was not evidence and that the jury should not consider a defendant's choice not to testify. We presume that a jury follows a district court's instructions. *United States v. McGarity*, 23 Fla. L. Weekly Fed. C 478, at *46 (11th Cir. 2012) (holding that prosecutor eliciting testimony regarding defendant's failure to testify was harmles error and was "overridden by both the overwhelming evidence of the defendants' guilt, and by the court's subsequent jury instructions"). The district court therefore did not abuse its discretion in declining to grant Barreto's motion for a mistrial.

## II.

Barreto next argues that his total sentence of 235 months, at the low end of the guideline range, is substantively unreasonable. He argues that he is entitled to a downward variance from the Guidelines range. Specifically he contends that the district court did not fully consider the age and nature of Barreto's prior

convictions or his medical history. Barreto argues that his past convictions for gambling unreasonably raised his criminal history score to a category III. Instead, he claims that his criminal history score should have been a category I, resulting in total sentence of 188 to 210 months.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). In reviewing sentences for reasonableness, we first ensure that the district court committed no significant procedural error, such as failing to calculate or improperly calculating the guideline range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. If we conclude that the district court did not procedurally err, we must consider the substantive reasonableness of the sentence imposed based on the totality of the circumstances. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008). This review is deferential, requiring that we determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). We reverse only if "left with the definite and firm conviction that the district court committed a clear error of

judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191 (internal quotation marks omitted).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in the statute. 18 U.S.C. § 3553(a)(2). Although we do not automatically presume a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). We may "set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc), *cert. denied*, 131 S. Ct. 1813 (2011).

Barreto's sentence is procedurally reasonable because the sentencing court properly calculated the guideline range,[1] treated the guidelines as advisory, considered the § 3553(a) factors, and explained the reason it imposed a sentence within the guideline range. Barreto's sentence is also substantively reasonable. The court's total sentence of 235 months was well below the statutory maximum

---

[1] Barreto contends that his two convictions for gambling should not have been included in the Guidelines calculations. However, both of the convictions occurred less than fifteen years ago and therefore were properly included. *See* U.S. Sentencing Guidelines Manual § 4A1.2(e).

sentence of life and within the Guideline range.  The sentencing court properly considered Barreto's argument that he should receive a variance based on his medical history and rejected it.  Additionally, it was not error for the district court to not mention Barreto's prior convictions when he explained the sentence because Barreto did not raise the issue.  *See Gall*, 552 U.S. at 53–54, 128 S. Ct. at 599 (discussing that where a party fails to raise a specific issue, it is "not incumbent on the District Judge to raise every conceivably relevant issue on his own initiative").  Accordingly, Barreto's sentence was reasonable.

**AFFIRMED.**